————————o————————

.5605.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF JOHN BALOVICH.

The proper method to establish a claim against a succession is not by rule but by direct action or by opposition to the account.

Appeal from the Civil District Court, Division "B."

W. A. Bahns, attorney for appellant.

P. M. Milner, John Dymond, Jr., attorneys for appellee.

GODCHAUX, J.—The notary who made the inventory in this succession caused to be noted thereon that one Luke Urljevich owned a fixed portion of a certain sum inventoried as on deposit in one of the banks of this city in the name of decedent, the note stating that Urljevich had entrusted his funds with decedent for safe keeping.

Urljevich then filed a rule against the executrix, setting up these facts and praying that she be ordered to show cause why he should not be paid forthwith that

— 364 —

portion of the deposit belonging to him. The executrix's exception to the form of proceeding was maintained and the rule dismissed. Subsequently, however, Urljevich renewed the rule upon the same allegations, and, the executrix's pleas and exceptions having been overruled, there was judgment granting him the relief sought.

Owing to the fact that the transcript does not disclose that the judgment dismissing the first rule was ever signed, there may be some doubt as to whether or not the plea of **res adjudicata** leveled at the second rule to show cause is well founded. However that may be, certain it is that the exception of the executrix to the form of proceeding should have been maintained and the rule dismissed. The apellee's claim was for a portion of a general deposit carried in the name of decedent and the proper course to have pursued to establish and recover it was either a direct action or by an opposition to the account of the executrix. **C. P., 986.**

**Succession of Jacobs, 5 Robinson, 270;**
**Pickett vs. Gilmer, 32 Ann., 997.**

It is accordingly ordered that the judgment appealed from be reversed; that the exception of the executrix to the form of the preceeding be maintained, and that the rule of the appellee be dismissed, without prejudice, at his costs in both Courts.

Reversed.